01
02
03
04
05
06
07
08

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

09  ANTHONY J. PANARELLO,                    )   CASE NO. C05-0321-JLR-MAT
                                             )
10          Petitioner,                      )
                                             )
11      v.                                   )
                                             )   REPORT AND RECOMMENDATION
12  RICHARD MORGAN,                          )
                                             )
13          Respondent.                      )
    _____)

14

15          Petitioner Anthony J. Panarello proceeds *pro se* in this 28 U.S.C. § 2254 action.  The

16  habeas petition filed by petitioner did not indicate that he had exhausted available state remedies

17  for his claim prior to filing this action in federal court, as required by § 2254(b)(1)(A).  (Dkt. 1.)

18  Therefore, the Court issued an order declining to serve the petition and granting leave to amend.

19  (Dkt. 3.)

20          Petitioner did not file an amended petition in response to the Court's order.  He instead

21  filed: (1) a Motion for Expansion of Time to File a Petition for Writ of Habeas Corpus (Dkt. 4);

22  and (2) a Motion for Stay of Judgment to Dismiss Petition Pending Decision in State Supreme

23  Court (Dkt. 5).  Petitioner acknowledges his failure to exhaust available state remedies by

24  providing the Washington State Supreme Court with an opportunity to rule on the merits of his

25  claim.  However, petitioner requests that this Court stay his federal petition for habeas relief until

26  he has fully exhausted his state remedies.

REPORT AND RECOMMENDATION
PAGE -1

01    Having considered petitioner's motions and the underlying petition, it is recommended that

02  the pending motions (Dkts. 4 & 5) be denied and this matter dismissed without prejudice.

03  **<u>Discussion</u>**

04    Petitioner filed his § 2254 habeas petition with this Court on February 25, 2005.  He

05  challenges a judgment of conviction entered on March 5, 2004 in Island County Superior Court.

06  It appears that petitioner pled guilty to twelve counts and did not appeal from the judgment of

07  conviction.  (Dkt. 1, at 1.)  In his petition for habeas relief, petitioner raises a single claim alleging

08  denial of effective assistance of counsel.  (*Id*. at 5.)

09    Petitioner indicates that he filed a personal restraint petition (PRP) in the Washington

10  Court of Appeals raising his ineffective assistance of counsel claim.  (*Id*. at 4).  He states that the

11  Washington Court of Appeals received the PRP on or about March 1, 2005.  (Dkt. 4, at 2.)  The

12  state Court of Appeals has not yet ruled on petitioner's PRP, and he acknowledges that he has not

13  yet presented his claims to the Washington State Supreme Court.  (Dkt. 5, at 2-3.)

14    As the Court noted in its prior order in this matter, state remedies must first be exhausted

15  on all issues raised in a federal habeas petition. 28 U.S.C. § 2254(b)-(c).  A petitioner may satisfy

16  the exhaustion requirement by providing the highest state court with the opportunity to rule on

17  the merits of the claim or by showing that no state remedy remains available. *Batchelor v. Cupp*,

18  693 F.2d 859, 862 (9th Cir. 1982).  Petitioner clearly has not satisfied the exhaustion requirement

19  for his claim.  As such, his petition is subject to dismissal without prejudice. *See, e.g.*, *Jiminez v.*

20  *Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (noting that district court is obliged to dismiss habeas

21  petition containing no exhausted claims); *Greenawalt v. Stewart*, 105 F.3d 1268, 1274 (9th Cir.

22  1997) ("district courts must dismiss petitions containing unexhausted claims").

23    Because the Court is obliged to dismiss a petition containing only unexhausted claims, *see*,

24  *e.g.*, *id.*, petitioner's motion for an expansion of time and his request for a stay must be denied.

25  However, petitioner should note the following in proceeding with his claim.

26    Petitioner correctly notes that under the federal Anti-Terrorism and Effective Death

REPORT AND RECOMMENDATION
PAGE -2

01 Penalty Act (AEDPA), there is a one-year statute of limitations for bringing habeas petitions in

02 federal courts under § 2254. *See* 28 U.S.C. § 2244(d)(1). In most cases, the statute of limitations

03 begins to run on the date on which the state court judgment "became final by the conclusion of

04 direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

05 However, "[t]he time during which a properly filed application for State post-conviction or other

06 collateral review with respect to the pertinent judgment or claim is pending shall not be counted

07 toward any period of limitation." 28 U.S.C. § 2244(d)(2).

08          Petitioner appears to recognize that the one-year statute of limitations under AEDPA is

09 tolled while a properly-filed PRP is pending in state court. However, petitioner appears to believe

10 that the statute of limitations will begin to run again after the state Court of Appeals rules on his

11 PRP and before he files a petition for review in the Washington State Supreme Court. In fact, "the

12 AEDPA statute of limitations is tolled for 'all of the time during which a state prisoner is

13 attempting, through proper use of state court procedures, to exhaust state court remedies with

14 regard to a particular post-conviction application.'" *Nino v. Galaza*, 183 F.3d 1003, 1005 (9th

15 Cir. 1999) (quoting *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999)). The tolling

16 continues during intervals between a lower state court decision and the filing of a new petition in

17 a higher state court. *See Carey v. Saffold*, 536 U.S. 214, 219-21 (2002). As a result, if

18 petitioner's PRP is denied by the state Court of Appeals and he properly seeks discretionary

19 review in the state Supreme Court, AEDPA's statute of limitations will continue to be tolled for

20 the interval between the Court of Appeals' decision and the filing of a petition for discretionary

21 review in the state Supreme Court.[1] However, because petitioner waited almost a year before he

22 filed a PRP with the state Court of Appeals, he will have to act very quickly to file a habeas

23 petition in federal court if the Washington Supreme Court denies discretionary review of his PRP.

24                                          **Conclusion**

25          For the reasons set forth above, it is recommended that petitioner's motion for a stay (Dkt.

26 _____

          [1] This assumes that petitioner's PRP was in fact properly filed.

REPORT AND RECOMMENDATION
PAGE -3

01  5) and motion for expansion of time (Dkt. 4) be DENIED and this matter DISMISSED without

02  prejudice.  Also, petitioner should bear in mind the very short window of time in which he may file

03  a federal habeas petition if and when the Washington State Supreme Court denies a properly filed

04  petition for discretionary review of his claim.  A proposed Order accompanies this Report and

05  Recommendation.

06          DATED this  31st  day of May, 2005.

07

08                                                    Mary Alice Theiler
                                                      United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -4